IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROOFERS LOCAL 30 COMBINED : CIVIL ACTION
WELFARE FUND, et al. :
:
v. :
: No. 06-3787
WILLIAM J. BOURQUE :

**MEMORANDUM**

Ludwig, J.     July 8, 2010

This is an ERISA case, 29 U.S.C. § 1001, *et seq.* Jurisdiction is federal question. 28 U.S.C. § 1331.

Plaintiffs[1] commenced this action against defendant William J. Bourque alleging failure to make contributions due under a collective bargaining agreement. Following a hearing, judgment was entered in favor of plaintiffs and against defendant, and plaintiffs were awarded $11,137.67 in unpaid contributions. Docket nos. 26 and 27 (order and supporting decision). On October 14, 2009, plaintiffs filed a petition for attorney's fees and costs, interest and liquidated damages. Docket no. 28. For the following reasons, the motion will be granted. Plaintiffs will be awarded liquidated damages of $1,670.65, interest of $7,308.75 and attorney's fees and costs of $29,297.52.

---

[1] Plaintiffs are Roofers Local 30 Combined Welfare Fund, Roofers Local No., 30 Combined Pension Fund, Roofers Local No. 30 Combined Vacation Fund, Roofers Local 30 Combined Annuity Fund, Composition Roofers Union Local 30 Apprenticeship Fund, Roofing Contractors Association Industry Fund, and Local Union No. 30 of the United Union of Roofers, Waterproofers, and Allied Workers, AFL-CIO.

*Liquidated damages*

Liquidated damages are assessed in an amount equal to fifteen percent (15%) of the amount of delinquent contributions not received by the twenty-fifth (25th) day of the month following the month in which the contribution obligation was incurred. 29 U.S.C. § 1132(g)(2). Fifteen percent (15%) of the delinquent contributions ($11,137.67) is $1,670.65.

*Interest*

"An employer who has not paid its required contributions for a month by the twenty-fifth (25th) day of the month following the month in which the contribution obligation was incurred shall be required to pay, in addition to unpaid contributions, interest equal to one percent (1%) of the gross amount of the contributions due the Fund for each month (or part of a month) the contributions remain unpaid." According to plaintiffs' Exhibit 5, a total of $7,308.75 in interest is due under this formula.

*Attorney's Fees*

Section 502 of ERISA requires an award of attorneys fees where, as here, a defendant has been found in violation of Section 515. United Auto Workers Local 259 Soc. Sec. Dept. v. Metro Auto Center, 501 F.3d 283, 291 (3d Cir. 2007) ("ERISA allows a prevailing plan to recover 'reasonable attorney's fees."). The starting point for calculating the reasonableness of the attorney's fees requested is the lodestar. Hahnemann Univ. Hosp. v. All Shore, Inc., 300, 310 (3d Cir. 2008), citing UAW Local 259, 501 F.3d at 290 ("Under the lodestar approach, a court determines the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate.").

"Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community." Rode v. Dellarciprete, 892 F.3d 1177, 1183 (3d Cir. 1990). Here, plaintiffs submitted the affidavit of Shanna M. Cramer, Esquire, an associate at Jennings Sigmond, P.C., which has represented plaintiffs throughout this action. Exhibit 1 to plaintiffs' petition. At the time this action was commenced, Ms. Cramer's fee was $230 per hour. In April, 2007, her hourly fee was increased to $250. Id., ¶ 5. This hourly rate falls within a reasonable range according to figures stated in the affidavit. According to Altman Weil, a leading law firm consultant, in 2005, the median associate hourly fee in the Middle Atlantic region, including Philadelphia, was $195, while the rate at the 90th percentile was $273. Id., ¶ 8(b). Her firm specializes in the representation of multi-employer employee benefit funds groups, and as such, a fee somewhat higher than the median, but below the high end of the scale, appears to be reasonable. See also Carpenters Pension & Annuity Plan v. Grosso, No. 07-5013, 2009 WL 2431340, at *20 (E.D. Pa., Aug. 6, 2009) (hourly rate for associate of $230 was reasonable in ERISA case).

"A request for fees must be accompanied by 'fairly definite information as to hours devoted to various general activities, *e.g.*, partial discovery, settlement negotiations, and the hours spent by various classes of attorneys.'" UAW Local 259, 501 F.3d at 291 (citations omitted). Here, plaintiffs attached "Time and Expense Details" as Exhibit 2. The document lists for each of the approximately 100 entries the date, the attorney providing the service, the amount of time billed in one-tenth of an hour increments, the hourly fee, the amount to be billed for the task, and a narrative description of the task performed. These descriptions

contain information sufficient to assess whether the time spent was appropriate. None of the entries appears inflated or unnecessary. Counsel's representation included settlement efforts with an unrepresented defendant, and after counsel for defendant entered an appearance, attendance at pre-trial conferences, a hearing and preparation of findings of fact and conclusions of law. In these circumstances, the number of hours worked - 111.3 - is reasonable.

"Although multiplying a reasonable number of hours by a reasonable rate produces a presumptively reasonable fee, that 'does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward.'" UAW Local 259, 501 F.3d at 292. Here, plaintiffs request $28,206 for the hours billed to this matter, including time billed for the preparation of the petition for fees. The amount of the judgment for unpaid contributions was $11,137.67, roughly one-third of the total amount requested. At first, this might suggest a downward adjustment; however, there is no requirement in ERISA cases that the fees awarded be proportionate to the amounts recovered. UAW Local 259, 501 F.3d at 294-95 (citations omitted) ("When delinquencies are small, the cost of recovery may be disproportionate, and requiring proportionality would, in effect, discourage plans from taking their claims to federal courts. . . . requiring proportionality would neglect the language of ERISA and frustrate its purpose."). Moreover, the economic hardship that the award may impose on a defendant is not pertinent. Carpenters Health and Welfare Fund of Philadelphia and Vicinity v. Ambrose, 727 F.2d 279, 286 (3d Cir.1983). Accordingly, the fee will not be adjusted downward for disproportionality.

Plaintiffs also request recovery of costs in the amount of $1,091.52, including a $350 filing fee, a $103.10 fee for service, and approximately $550 in computer-assisted research. Exhibit 2. O'Farrell v. Twin Bros. Meats, Inc., 889 F.Supp. 189, 192 (E.D. Pa. 1995) (reasonable costs associated with computer research recoverable as costs). These appear to have been necessary.

For these reasons, plaintiffs' petition for attorney's fees and costs, interest, and liquidated damages will be granted. An order accompanies this memorandum.

BY THE COURT:


 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.